UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE MORRIS, as Special Administrator of the Estate of MARY MORRIS, deceased, and as Special Administrator of the Estate of BABY GIRL (ZION) MORRIS, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ERNEST HAYES, M.D., PIERRE JOHNSON, M.D., GOLDWYN B. FOGGIE, M.D., JAMIE HORN, M.D., KUMUDCHANDRA SHAH, M.D., DOROTHY ANOINA, M.D., CHICAGO METROPOLITAN OBSTETRICS & GYNECOLOGISTS, LTD. d/b/a CHICAGO METRO OB/GYN, LTD., CHICAGO METRO OB/GYN & PEDS, LTD., CHICAGO METRO OBGYN, and/or CHICAGO METRO OBGYN-Harvey, an Illinois Corporation, THE INGALLS MEMORIAL HOSPITAL, an Illinois Corporation, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE SOUTH SUBURBAN HOSPITAL and ADVOCATE MEDICAL GROUP, an Illinois Corporation, FAMILY CHRISTIAN HEALTH CENTER, an Illinois Corporation, and WOMEN FOR WOMEN HEALTH CARE, S.C., an Illinois Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 20 C 6748 Judge Formerly Case No. 2020 L 007655 Circuit Court of Cook County, Illinois |
| Defendants. | ) ) ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:     Dorothy Brown                                    Regina P. Etherton & Associates, LLC
        Clerk of the Circuit Court                        190 S. LaSalle Street, Suite 2040
        Richard J. Daley Center, Room 1001                Chicago, Illinois 60603
        50 West Washington Street
        Chicago, Illinois 60602

Smith Blake Hill LLC
20 N Clark Street #1700
Chicago, Illinois 60602

Stamos & Trucco
One Wacker Drive, Third Floor
Chicago, Illinois 60601

Hall Prangle & Schoonveld LLC
200 S Wacker Drive #330
Chicago, Illinois 60606

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.      On July 20, 2020, plaintiff Rose Morris, as special administrator of the estates of Mary Morris, deceased, and Baby Girl (Zion) Morris, commenced the above civil action against Family Christian Health Center, and others, alleging medical malpractice and wrongful death.  A copy of the state court complaint is attached as Exhibit A.  For purposes of this lawsuit, Family Christian Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.  Exhibit B.

2.      This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Family Christian Health Center was a private entity receiving grant money from the Public Health Service. Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial.  42 U.S.C. § 233(c).  Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the

United States, and the United States is substituted as the sole federal party defendant in place of defendant Family Christian Health Center.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Family Christian Health Center.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Danielle Anne Phillip
DANIELLE ANNE PHILLIP
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2039
danielle.phillip@usdoj.gov

# Exhibit A

FILED DATE: 7/20/2020 2:46 PM  2020L007655

FILED
7/20/2020 2:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L007655

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | |

(12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ROSE MORRIS,                    Plaintiff,

(Name all parties)

v.

ERNEST HAYES, M.D., et al.,    Defendants.

No. 2020L007655

**PLEASE SERVE:**

**SEE ATTACHED**

### ◉ SUMMONS ◯ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **801**_____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support: 50 W.
Washington, LL-01,
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: **41906**_____

Name: Regina P. Etherton & Associates, LLC

Atty. for: Plaintiffs

Address: 190 S. LaSalle Street, Suite 2040

City/State/Zip Code: Chicago, Illinois 60603

Telephone: (312) 529-5500

Primary Email Address:
rpetherton@rpethertonllc.com

Secondary Email Address(es):
associate@rpethertonllc.com

tmiller@rpethertonllc.com

7/20/2020 2:46 PM DOROTHY BROWN
Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:**

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 7/20/2020 2:46 PM   2020L007655

**PLEASE SERVE:**

1.    Ernest Hayes, M.D.
      c/o Family Christian Health Center
      31 West 155th Street
      Harvey, Illinois  60426

2.    Pierre Johnson, M.D.
      c/o Gynecology Institute of Chicago
      17850 Kedzie Ave, Suite 2130
      Hazel Crest, IL 60429

3.    Goldwyn B. Foggie, M.D.
      c/o Family Christian Health Center
      31 West 155th Street
      Harvey, Illinois  60426

4.    Jamie Horn, M.D.
      c/o Family Christian Health Center
      31 West 155th Street
      Harvey, Illinois  60426

5.    Chicago Metropolitan Obstetricians & Gynecologists, Ltd.
      Registered Agent: Gloria Materre
      6737 North Kedvale Avenue
      Lincolnwood, IL 60712

6.    Family Christian Health Center
      Registered Agent: Lisa Green
      31 West 155th Street
      Harvey, IL 60426

7.    The Ingalls Memorial Hospital
      Registered Agent: C T Corporation System
      208 South LaSalle Street, Suite 814
      Chicago, IL 60604

8.    Kumudchandra Shah, M.D.
      1002 S Butternut Cir
      Frankfort, IL 60423

9.    Dorothy Anoina, M.D.
      4511 Sauk Trail
      Richton Park, IL 60471

10.   Advocate Health and Hospitals Corporation
      Registered Agent: Michael E. Kerns
      3075 Highland Parkway 600
      Downers Grove, IL 60515

11.   Women for Women Health Care, S.C.
      Registered Agent: Dorothy Anoina, M.D.
      4511 Sauk Trail
      Richton Park, IL 60471

**12-Person Jury**

FILED
7/20/2020 2:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L007655

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROSE MORRIS, as Special Administrator of the Estate of MARY MORRIS, deceased, and as Special Administrator of the Estate of BABY GIRL (ZION) MORRIS, deceased, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. **2020L007655** ) |
| ERNEST HAYES, M.D., PIERRE JOHNSON, M.D., GOLDWYN B. FOGGIE, M.D., JAMIE HORN, M.D., KUMUDCHANDRA SHAH, M.D., DOROTHY ANOINA, M.D., CHICAGO METROPOLITAN OBSTETRICS & GYNECOLOGISTS, LTD. d/b/a CHICAGO METRO OB/GYN, LTD., CHICAGO METRO OB/GYN & PEDS, LTD., CHICAGO METRO OBGYN, and/or CHICAGO METRO OBGYN-Harvey, an Illinois Corporation, THE INGALLS MEMORIAL HOSPITAL, an Illinois Corporation, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE SOUTH SUBURBAN HOSPITAL and ADVOCATE MEDICAL GROUP, an Illinois Corporation, FAMILY CHRISTIAN HEALTH CENTER, an Illinois Corporation, and WOMEN FOR WOMEN HEALTH CARE, S.C., an Illinois Corporation, | ) ) ) Plaintiff Demands A Trial By Jury ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

The plaintiff, **ROSE MORRIS**, as Special Administrator of the Estate of **MARY MORRIS**, deceased, and as Special Administrator of the Estate of **BABY GIRL (ZION) MORRIS**, deceased, by and through her attorneys, **Regina P. Etherton & Associates, LLC**, and for her Complaint against defendants **ERNEST HAYES, M.D., PIERRE JOHNSON, M.D., GOLDWYN B. FOGGIE, M.D., JAMIE HORN, M.D., KUMUDCHANDRA SHAH, M.D., DOROTHY ANOINA, M.D., CHICAGO METROPOLITAN OBSTETRICS &**

FILED DATE: 7/20/2020 2:46 PM  2020L007655

FILED DATE: 7/20/2020 2:46 PM    2020L007655

GYNECOLOGISTS, LTD. d/b/a CHICAGO METRO OB/GYN, LTD., CHICAGO METRO OB/GYN & PEDS, LTD., CHICAGO METRO OBGYN, and/or CHICAGO METRO OBGYN-Harvey, an Illinois Corporation, THE INGALLS MEMORIAL HOSPITAL, an Illinois Corporation, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE SOUTH SUBURBAN HOSPITAL and ADVOCATE MEDICAL GROUP, an Illinois Corporation, FAMILY CHRISTIAN HEALTH CENTER, an Illinois Corporation, and WOMEN FOR WOMEN HEALTH CARE, S.C., an Illinois Corporation, states as follows:

## COUNT I

### (Ernest Hayes, M.D.)

1.      On and before August of 2018, Mary Morris, deceased, was pregnant with Baby Girl (Zion) Morris.

2.      On August 12, 2018, Mary Morris was taken to defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group and was declared dead. As a result, Baby Girl (Zion) Morris, was delivered dead.

3.      The decedent, Mary Morris, left surviving her, as next of kin, minor children, Amir Graham and Melanie Morris.

4.      The decedent, Baby Girl (Zion) Morris, left surviving her, as next of kin, minor siblings, Amir Graham and Melanie Morris.

5.      At all relevant times, defendant Ernest Hayes, M.D. was a physician licensed by the State of Illinois who was engaged in the practice of medicine, obstetrics and gynecology in Cook County, Illinois.

6.      At all relevant times, defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey, is and was a corporation licensed under the laws of the State of Illinois.

7.      At all relevant times, defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey, was doing business in Cook County.

8.      At all relevant times, defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro

OBGYN, and/or Chicago Metro OBGYN-Harvey, transacted business as and operated a facility where it sold medical, nursing, and associated services to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

9.      At all relevant times, defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey, engaged as its employees or on its staff various physicians, lab personnel and support personnel ostensibly qualified and capable to treat the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

10.     At all relevant times, defendant Family Christian Health Center, is and was a corporation licensed under the laws of the State of Illinois.

11.     At all relevant times, defendant Family Christian Health Center, transacted business as and operated a facility where it sold medical, nursing, and associated services to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

12.     At all relevant times, defendant Family Christian Health Center, engaged as its employees or on its staff various physicians, lab personnel and support personnel ostensibly qualified and capable to treat the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

13.     At all relevant times, defendant The Ingalls Memorial Hospital is and was a corporation licensed under the laws of the State of Illinois.

14.     At all relevant times, defendant The Ingalls Memorial Hospital transacted business as and operated a facility where it sold hospital, nursing, medical and associated services to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

15.     At all relevant times, defendant The Ingalls Memorial Hospital, engaged as its employees or on its staff various physicians, lab personnel and support personnel ostensibly qualified and capable to treat the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

16.     At all relevant times, defendant Ernest Hayes, M.D. was employed by and/or an agent of defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

FILED DATE: 7/20/2020 2:46 PM   2020L007655

3

FILED DATE: 7/20/2020 2:46 PM   2020L007655

17.    At all relevant times, defendant Ernest Hayes, M.D. was treating patients as an employee and/or an agent of defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

18.    At all relevant times, defendant Ernest Hayes, M.D., was performing activities that were within the scope of his employment and/or agency with defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

19.    At all relevant times, defendant Ernest Hayes, M.D. was employed by and/or an agent of Family Christian Health Center.

20.    At all relevant times, defendant Ernest Hayes, M.D. was treating patients as an employee and/or agent of defendant Family Christian Health Center.

21.    At all relevant times, defendant Ernest Hayes, M.D. was performing activities that were within the scope of his employment and/or agency with defendant Family Christian Health Center.

22.    At all relevant times, defendant Ernest Hayes, M.D. was employed by and/or an agent of The Ingalls Memorial Hospital.

23.    At all relevant times, defendant Ernest Hayes, M.D. was treating patients as an employee and/or agent of defendant The Ingalls Memorial Hospital.

24.    At all relevant times, defendant Ernest Hayes, M.D. was performing activities that were within the scope of his employment and/or agency with defendant The Ingalls Memorial Hospital.

25.    At all relevant times, defendant Ernest Hayes, M.D. implicitly and explicitly informed and represented to the public, generally, the decedent, Mary Morris, and her child in utero, specifically, that he possessed the requisite medical ability, skill, competence, know-how, equipment and information to provide proper medical, gynecological and obstetrical care to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

26.    In January of 2018, Mary Morris, deceased, entrusted herself and her child in utero to the care of defendants Ernest Hayes, M.D. and Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

4

FILED DATE: 7/20/2020 2:46 PM   2020L007655

27.     On August 2, 2018, Mary Morris, deceased, was treated at defendant The Ingalls Memorial Hospital Emergency Room Department by defendants Pierre Johnson, M.D., and Goldwyn B. Foggie, M.D., with defendant Ernest Hayes, M.D. listed as her attending physician and was diagnosed with a urinary tract infection.

28.     On August 6, 2018, Mary Morris returned to defendant Ingalls Memorial Hospital and was treated by defendant Jamie Horn, M.D., who confirmed her diagnosis of a urinary tract infection. Defendant Ernest Hayes, M.D. was listed as her attending physician for this visit, also.

29.     On August 8, 2018, Mary Morris was seen by defendant Ernest Hayes, M.D., at his office.

30.     On August 10, 2018, Mary Morris was treated at the Emergency Room of defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group by defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) and defendant Dorothy Anoina, M.D., and it was confirmed she still had a urinary tract infection.

31.     On August 12, 2018, Mary Morris, was taken to defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group, and she and Baby Girl (Zion) Morris were declared dead.

32.     At all relevant times, defendant Ernest Hayes, M.D. was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with his business and occupation as a physician.

33.     After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, on and after August 2, 2018, defendant Ernest Hayes, M.D. breached his duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

(a)     he ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

(b)     he failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

(c)     he failed to properly monitor the decedent, Mary Morris, and her child in utero during their medical care and treatment;

5

FILED DATE: 7/20/2020 2:46 PM   2020L007655

(d)     he misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

(e)     he failed to review diagnostic tests that he knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

(f)     he failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

(g)     he failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

(h)     he failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

(i)     he failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

(j)     he failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

34.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Ernest Hayes, M.D., Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

35.     As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant, Ernest Hayes, M.D., and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

36.     The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

37.     The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased, by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **ERNEST HAYES, M.D.,** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

<u>COUNT II</u>

**(Pierre Johnson, M.D.)**

1-4.     The plaintiff realleges and incorporates paragraphs 1 through 4 of Count I as and for paragraphs 1 through 4 of this Count II as though fully set forth herein.

5.     At all relevant times, defendant Pierre Johnson, M.D. was a physician licensed by the State of Illinois who was engaged in the practice of medicine, obstetrics and gynecology in Cook County, Illinois.

6-15.     The plaintiff realleges and incorporates paragraphs 6 through 15 of Count I as and for paragraphs 6 through 15 of this Count II as though fully set forth herein.

16.     At all relevant times, defendant Pierre Johnson, M.D. was employed by and/or an agent of defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

17.     At all relevant times, defendant Pierre Johnson, M.D. was treating patients as an employee and/or an agent of defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

18.     At all relevant times, defendant Pierre Johnson, M.D., was performing activities that were within the scope of his employment and/or agency with defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

19.     At all relevant times, defendant Pierre Johnson, M.D. was employed by and/or an agent of defendant Family Christian Health Center.

20.     At all relevant times, defendant Pierre Johnson, M.D. was treating patients as an employee and/or agent of defendant Family Christian Health Center.

FILED DATE: 7/20/2020 2:46 PM   2020L007655

7

FILED DATE: 7/20/2020 2:46 PM   2020L007655

21.     At all relevant times, defendant Pierre Johnson, M.D., was performing activities that were within the scope of his employment and/or agency with defendant Family Christian Health Center.

22.     At all relevant times, defendant Pierre Johnson, M.D. was employed by and/or an agent of defendant The Ingalls Memorial Hospital.

23.     At all relevant times, defendant Pierre Johnson, M.D. was treating patients as an employee and/or agent of defendant The Ingalls Memorial Hospital.

24.     At all relevant times, defendant Pierre Johnson, M.D., was performing activities that were within the scope of his employment and/or agency with defendant The Ingalls Memorial Hospital.

25.     At all relevant times, defendant Pierre Johnson, M.D. implicitly and explicitly informed and represented to the public, generally, the decedent, Mary Morris, and her child in utero, specifically, that he possessed the requisite medical ability, skill, competence, know-how, equipment and information to provide proper medical, gynecological and obstetrical care to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

26.     On August 2, 2018, Mary Morris, deceased, entrusted herself and her child in utero to the care of defendant Pierre Johnson, M.D.

27-31.  The plaintiff realleges and incorporates paragraphs 27 through 31 of Count I as and for paragraphs 27 through 31 of this Count II as though fully set forth herein.

32.     At all relevant times, defendant Pierre Johnson, M.D. was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with his business and occupation as a physician.

33.     After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, on and after August 2, 2018, defendant Pierre Johnson, M.D. breached his duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

(a)     he ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

(b)     he failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

FILED DATE: 7/20/2020 2:46 PM   2020L007655

(c)    he failed to properly monitor the decedent, Mary Morris, and her child in utero during their medical care and treatment;

(d)    he misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

(e)    he failed to perform diagnostic tests that he knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

(f)    he failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

(g)    he failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

(h)    he failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

(i)    he failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

(j)    he failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

34.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Pierre Johnson, M.D., Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

35.    As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant, Pierre Johnson, M.D., and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

36.    The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris,

9

FILED DATE: 7/20/2020 2:46 PM    2020L007655

deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

37.     The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased, by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **PIERRE JOHNSON, M.D.,** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

## COUNT III

### (Goldwyn B. Foggie, M.D.)

1-4.     The plaintiff realleges and incorporates paragraphs 1 through 4 of Count I as and for paragraphs 1 through 4 of this Count III as though fully set forth herein.

5.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was a physician licensed by the State of Illinois who was engaged in the practice of medicine, obstetrics and gynecology in Cook County, Illinois.

6-15.     The plaintiff realleges and incorporates paragraphs 6 through 15 of Count I as and for paragraphs 6 through 15 of this Count III as though fully set forth herein.

16.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was employed by and/or an agent of defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

17.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was treating patients as an employee and/or an agent of defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

18.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was performing activities that were within the scope of her employment and/or agency with defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

19.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was employed by and/or an agent of defendant Family Christian Health Center.

10

FILED DATE: 7/20/2020 2:46 PM    2020L007655

20.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was treating patients as an employee and/or agent of defendant Family Christian Health Center.

21.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was performing activities that were within the scope of her employment and/or agency with defendant Family Christian Health Center.

22.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was employed by and/or an agent of defendant The Ingalls Memorial Hospital.

23.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was treating patients as an employee and/or agent of defendant The Ingalls Memorial Hospital.

24.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was performing activities that were within the scope of her employment and/or agency with defendant The Ingalls Memorial Hospital.

25.     At all relevant times, defendant Goldwyn B. Foggie, M.D. implicitly and explicitly informed and represented to the public, generally, the decedent, Mary Morris, and her child in utero, specifically, that she possessed the requisite medical ability, skill, competence, know-how, equipment and information to provide proper medical, gynecological and obstetrical care to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

26.     On August 2, 2018, Mary Morris, deceased, entrusted herself and her child in utero to the care of defendant Goldwyn B. Foggie, M.D.

27-31.  The plaintiff realleges and incorporates paragraphs 27 through 31 of Count I as and for paragraphs 27 through 31 of this Count III as though fully set forth herein.

32.     At all relevant times, defendant Goldwyn B. Foggie, M.D. was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with her business and occupation as a physician.

33.     After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, on and after August 2, 2018, defendant Goldwyn B. Foggie, M.D. breached her duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

    (a)    she ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

11

(b)   she failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

(c)   she failed to properly monitor the decedent, Mary Morris, and her child in utero during their medical care and treatment;

(d)   she misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

(e)   she failed to perform diagnostic tests that she knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

(f)   she failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

(g)   she failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

(h)   she failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

(i)   she failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

(j)   she failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

34.   As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Goldwyn B. Foggie, M.D. Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

35.   As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant Goldwyn B. Foggie, M.D., and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief,

FILED DATE: 7/20/2020 2:46 PM   2020L007655

FILED DATE: 7/20/2020 2:46 PM  2020L007655

sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

36.    The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

37.    The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased, by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **GOLDWYN FOGGIE, M.D.,** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

## COUNT IV

### (Jamie Horn, M.D.)

1-4.    The plaintiff realleges and incorporates paragraphs 1 through 4 of Count I as and for paragraphs 1 through 4 of this Count IV as though fully set forth herein.

5.    At all relevant times, defendant Jamie Horn, M.D. was a physician licensed by the State of Illinois who was engaged in the practice of medicine, obstetrics and gynecology in Cook County, Illinois.

6-15.    The plaintiff realleges and incorporates paragraphs 6 through 15 of Count I as and for paragraphs 6 through 15 of this Count IV as though fully set forth herein.

16.    At all relevant times, defendant Jamie Horn, M.D. was employed by and/or an agent of defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

17.    At all relevant times, defendant Jamie Horn, M.D. was treating patients as an employee and/or agent of defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

18.    At all relevant times, defendant Jamie Horn, M.D. was performing activities that were within the scope of his employment with defendant Chicago Metropolitan Obstetrics &

13

FILED DATE: 7/20/2020 2:46 PM   2020L007655

Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey.

19.     At all relevant times, defendant Jamie Horn, M.D. was employed by and/or an agent of defendant Family Christian Health Center.

20.     At all relevant times, defendant Jamie Horn, M.D. was treating patients as an employee and/or agent of defendant Family Christian Health Center.

21.     At all relevant times, defendant Jamie Horn, M.D. was performing activities that were within the scope of her employment with defendant Family Christian Health Center.

22.     At all relevant times, defendant Jamie Horn, M.D. was employed by and/or an agent of defendant The Ingalls Memorial Hospital.

23.     At all relevant times, defendant Jamie Horn, M.D. was treating patients as an employee and/or agent of defendant The Ingalls Memorial Hospital.

24.     At all relevant times, defendant Jamie Horn, M.D. was performing activities that were within the scope of her employment and/or agency with defendant The Ingalls Memorial Hospital.

25.     At all relevant times, defendant Jamie Horn, M.D. implicitly and explicitly informed and represented to the public, generally, the decedent, Mary Morris, and her child in utero, specifically, that she possessed the requisite medical ability, skill, competence, know-how, equipment and information to provide proper medical, gynecological and obstetrical care to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

26.     On August 6, 2018, Mary Morris, deceased, entrusted herself and her child in utero to the care of defendant Jamie Horn, M.D.

27-31.  The plaintiff realleges and incorporates paragraphs 27 through 31 of Count I as and for paragraphs 27 through 31 of this Count IV as though fully set forth herein.

32.     At all relevant times, defendant Jamie Horn, M.D. was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with her business and occupation as a physician.

33.     After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, on and after August 6, 2018, defendant Jamie Horn, M.D. breached her duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

14

FILED DATE: 7/20/2020 2:46 PM   2020L007655

(a)     she ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

(b)     she failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

(c)     she failed to properly monitor the decedent, Mary Morris, and her child in utero during their medical care and treatment;

(d)     she misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

(e)     she failed to perform and review the diagnostic tests that she knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

(f)     she failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

(g)     she failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

(h)     she failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

(i)     she failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

(j)     she failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

34.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Jamie Horn, M.D. Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

35.     As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant, Jamie Horn, M.D., and the deaths of Mary Morris and

FILED DATE: 7/20/2020 2:46 PM   2020L007655

Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

36.     The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

37.     The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased, by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **JAMIE HORN, M.D.,** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

## COUNT V

### (Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey)

1-37.     The plaintiff realleges and incorporates paragraphs 1 through 37 of Count I as and for paragraphs 1 through 37 of this Count V as though fully set forth herein.

38-75.     The plaintiff realleges and incorporates paragraphs 1 through 37 of Count II as and for paragraphs 38 through 75 of this Count V as though fully set forth herein.

76-113.     The plaintiff realleges and incorporates paragraphs 1 through 37 of Count III as and for paragraphs 76 through 113 of this Count V as though fully set forth herein.

114-151.     The plaintiff realleges and incorporates paragraphs 1 through 37 of Count IV as and for paragraphs 114 through 151 of this Count V as though fully set forth herein.

152.     At all relevant times, defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with its business as a clinic and medical facility.

153.     After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, on and after August 2, 2018, defendant Chicago Metropolitan

FILED DATE: 7/20/2020 2:46 PM    2020L007655

Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey breached its duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

    (a)    it ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

    (b)    it failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

    (c)    it failed to properly monitor the decedent, Mary Morris, and her child in utero and during its medical care and treatment;

    (d)    it misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

    (e)    it failed to review diagnostic tests that it knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

    (f)    it failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

    (g)    it failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

    (h)    it failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

    (i)    it failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

    (j)    it failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

    154.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or

FILED DATE: 7/20/2020 2:46 PM   2020L007655

Chicago Metro OBGYN-Harvey, Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

155.    As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey, and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

156.    At all relevant times, defendant Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, Ltd., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey, was and is vicariously liable for the actions of its agents and employees, who provided treatment to the plaintiff including, but not limited to, defendants Ernest Hayes, M.D., Pierre Johnson, M.D., Goldwyn B. Foggie, M.D., and Jamie Horn, M.D.

157.    The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

158.    The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased, by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **CHICAGO METROPOLITAN OBSTETRICS & GYNECOLOGISTS, LTD. d/b/a CHICAGO METRO OB/GYN, LTD., CHICAGO METRO OB/GYN & PEDS, LTD., CHICAGO METRO OBGYN, and/or CHICAGO METRO OBGYN-Harvey, an Illinois Corporation** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

FILED DATE: 7/20/2020 2:46 PM   2020L007655

## COUNT VI

### (Family Christian Health Center)

1-37.   The plaintiff realleges and incorporates paragraphs 1 through 37 of Count I as and for paragraphs 1 through 37 of this Count VI as though fully set forth herein.

38-75.   The plaintiff realleges and incorporates paragraphs 1 through 37 of Count II as and for paragraphs 38 through 75 of this Count VI as though fully set forth herein.

76-113.   The plaintiff realleges and incorporates paragraphs 1 through 37 of Count III as and for paragraphs 76 through 113 of this Count VI as though fully set forth herein.

114-151.   The plaintiff realleges and incorporates paragraphs 1 through 37 of Count IV as and for paragraphs 114 through 151 of this Count VI as though fully set forth herein.

152.   At all relevant times, defendant Family Christian Health Center was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with its business as a clinic and medical facility.

153.   After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, on and after August 2, 2018, defendant Family Christian Health Center breached its duty and carelessly and negligently committed one or more of the following wrongful acts and omissions.

(a)   it ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

(b)   it failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

(c)   it failed to properly monitor the decedent, Mary Morris, and her child in utero and during its medical care and treatment;

(d)   it misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

(e)   it failed to review diagnostic tests that it knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

19

(f)    it failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

(g)    it failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

(h)    it failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

(i)    it failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

(j)    it failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

154.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Family Christian Health Center, Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

155.    As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant Family Christian Health Center, and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

156.    At all relevant times, defendant Family Christian Health Center, was and is vicariously liable for the actions of its agents and employees, who provided treatment to the plaintiff including, but not limited to, defendants Ernest Hayes, M.D., Pierre Johnson, M.D., Goldwyn B. Foggie, M.D., and Jamie Horn, M.D.

157.    The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

158.    The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

20

FILED DATE: 7/20/2020 2:46 PM    2020L007655

WHEREFORE, THE ESTATE OF MARY MORRIS, deceased, and THE ESTATE OF BABY GIRL (ZION) MORRIS, deceased, by their duly appointed Special Administrator, ROSE MORRIS, request damages against the defendant, FAMILY CHRISTIAN HEALTH CENTER, an Illinois Corporation in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

COUNT VII

(The Ingalls Memorial Hospital)

1-37.    The plaintiff realleges and incorporates paragraphs 1 through 37 of Count I as and for paragraphs 1 through 37 of this Count VII as though fully set forth herein.

38-75.    The plaintiff realleges and incorporates paragraphs 1 through 37 of Count II as and for paragraphs 38 through 75 of this Count VII as though fully set forth herein.

76-113. The plaintiff realleges and incorporates paragraphs 1 through 37 of Count III as and for paragraphs 76 through 113 of this Count VII as though fully set forth herein.

114-151. The plaintiff realleges and incorporates paragraphs 1 through 37 of Count IV as and for paragraphs 114 through 151 of this Count VII as though fully set forth herein.

152.    On and after August 2, 2018, defendant The Ingalls Memorial Hospital., held defendants Ernest Hayes, M.D., Pierre Johnson, M.D., Goldwyn B. Foggie, M.D., and Jamie Horn, M.D., out to be its employees and/or agents.

153.    At all relevant times, defendant The Ingalls Memorial Hospital acted in a manner that reasonably led the plaintiff to conclude that defendants Ernest Hayes, M.D., Pierre Johnson, M.D., Goldwyn B. Foggie, M.D., and Jamie Horn, M.D. were agents and/or employees of defendant The Ingalls Memorial Hospital.

154.    At all relevant times, plaintiff justifiably relied upon the conduct of defendants to conclude that defendants Ernest Hayes, M.D., Pierre Johnson, M.D., Goldwyn B. Foggie, M.D., and Jamie Horn, M.D. were agents and/or employees of defendant The Ingalls Memorial Hospital.

155.    At all relevant times, defendant The Ingalls Memorial Hospital was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with its business as a clinic and medical facility.

156.    After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, on and after August 2, 2018, defendant The Ingalls Memorial

21

FILED DATE: 7/20/2020 2:46 PM   2020L007655

Hospital breached its duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

    (a)    it ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

    (b)    it failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

    (c)    it failed to properly monitor the decedent, Mary Morris, and her child in utero during its medical care and treatment;

    (d)    it misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

    (e)    it failed to review diagnostic tests that it knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

    (f)    it failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

    (g)    it failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

    (h)    it failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero:

    (i)    it failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

    (j)    it failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

157.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant The Ingalls Memorial Hospital, Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

22

158.     As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant The Ingalls Memorial Hospital, and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

159.     At all relevant times, defendant The Ingalls Memorial Hospital, was and is vicariously liable for the actions of its agents and employees, who provided treatment to the plaintiff including, but not limited to, defendants Ernest Hayes, M.D., Pierre Johnson, M.D., Goldwyn B. Foggie, M.D., and Jamie Horn, M.D. and its nurses.

160.     The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

161.     The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased, by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **THE INGALLS MEMORIAL HOSPITAL, an Illinois Corporation** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

## COUNT VIII

### (Kumudchandra Shah, M.D.)

1-4.     The plaintiff realleges and incorporates paragraphs 1 through 4 of Count 1 as and for paragraphs 1 through 4 of this Count VIII as though fully set forth herein.

5.     At all relevant times, defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) was a physician licensed by the State of Illinois who was engaged in the practice of medicine, obstetrics and gynecology in Cook County, Illinois.

6.     At all relevant times, defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group, is and was a corporation licensed under the laws of the State of Illinois.

FILED DATE: 7/20/2020 2:46 PM   2020L007655

7.     At all relevant times, defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group, was doing business in Cook County.

8.     At all relevant times, defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group, transacted business as and operated a facility where it sold hospital, nursing, medical and associated services to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

9.     At all relevant times, defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group, engaged as its employees or on its staff various physicians, lab personnel and support personnel ostensibly qualified and capable to treat the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

10.     At all relevant times, defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) was employed by and/or an agent of Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group.

11.     At all relevant times, defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) was treating patients as an employee and/or agent of defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group.

12.     At all relevant times, defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) was performing activities that were within the scope of his employment and/or agency with defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group.

13.     At all relevant times, defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) implicitly and explicitly informed and represented to the public, generally, the decedent, Mary Morris, and her child in utero, specifically, that he possessed the requisite medical ability, skill, competence, know-how, equipment and information to provide proper medical, gynecological and obstetrical care to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

14-18. The plaintiff realleges and incorporates paragraphs 27-31 of Count I as and for paragraphs 14-18 of this Count VIII as though fully set forth herein.

24

19.     Commencing on August 10, 2018, Mary Morris, deceased, entrusted herself and her child in utero to the care of defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.).

20.     At all relevant times, defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.), was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with his business and occupation as a physician.

21.     After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.), breached his duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

(a)     he ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

(b)     he failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

(c)     he failed to properly monitor the decedent, Mary Morris, and her child in utero and during their medical care and treatment;

(d)     he misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

(e)     he failed to review diagnostic tests that he knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

(f)     he failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

(g)     he failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

(h)     he failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

25

FILED DATE: 7/20/2020 2:46 PM   2020L007655

(i)     he failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

(j)     he failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

22.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.), Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

23.     As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.), and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

24.     The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

25.     The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased, by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **KUMUDCHANDRA SHAH, M.D.,** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

### COUNT IX

#### (Dorothy Anoina, M.D.)

1-4.    The plaintiff realleges and incorporates paragraphs 1 through 4 of Count I as and for paragraphs 1 through 4 of this Count IX as though fully set forth herein.

5.      At all relevant times, defendant Dorothy Anoina, M.D. was a physician licensed by the State of Illinois who was engaged in the practice of medicine, obstetrics and gynecology in Cook County, Illinois.

6-9.     The plaintiff realleges and incorporates paragraphs 6 through 9 of Count VIII as and for paragraphs 6 through 9 of this Count IX as though fully set forth herein.

10.     At all relevant times, defendant Women for Women Health Care, S.C., is and was a corporation licensed under the laws of the State of Illinois.

11.     At all relevant times, defendant Women for Women Health Care, S.C., was doing business in Cook County.

12.     At all relevant times, defendant Women for Women Health Care, S.C., transacted business as and operated a facility where it sold hospital, nursing, medical and associated services to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

13.     At all relevant times, defendant Women for Women Health Care, S.C., engaged as its employees or on its staff various physicians, lab personnel and support personnel ostensibly qualified and capable to treat the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

14.     At all relevant times, defendant Dorothy Anoina, M.D. was employed by and/or an agent of defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group.

15.     At all relevant times, defendant Dorothy Anoina, M.D. was treating patients as an employee and/or agent of defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group.

16.     At all relevant times, defendant Dorothy Anoina, M.D. was performing activities that were within the scope of her employment and/or agency with defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group.

17.     At all relevant times, defendant Dorothy Anoina, M.D. was employed by and/or an agent of defendant Women for Women Health Care, S.C.

18.     At all relevant times, defendant Dorothy Anoina, M.D. was treating patients as an employee and/or agent of defendant Women for Women Health Care, S.C.

19.     At all relevant times, defendant Dorothy Anoina, M.D. was performing activities that were within the scope of her employment and/or agency with defendant Women for Women Health Care, S.C.

20.     At all relevant times, defendant Dorothy Anoina, M.D. implicitly and explicitly informed and represented to the public, generally, the decedent, Mary Morris, and her child in

27

FILED DATE: 7/20/2020 2:46 PM   2020L007655

utero, specifically, that she possessed the requisite medical ability, skill, competence, know-how, equipment and information to provide proper medical, gynecological and obstetrical care to the public, generally, the decedent, Mary Morris, and her child in utero, specifically.

21-25. Plaintiff realleges and incorporates paragraphs 27-31 of Count I as and for paragraphs 21-25 of this Count IX as though fully set forth herein.

26. Commencing on August 10, 2018, Mary Morris, deceased, entrusted herself and her child in utero to the care of defendant Dorothy Anoina, M.D.

27. At all relevant times, defendant Dorothy Anoina, M.D. was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with her business and occupation as a physician.

28. After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, defendant Dorothy Anoina, M.D. breached her duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

(a) she ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

(b) she failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

(c) she failed to properly monitor the decedent, Mary Morris, and her child in utero during their medical care and treatment;

(d) she misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

(e) she failed to review diagnostic tests that she knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

(f) she failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

(g) she failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

28

(h)     she failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

(i)     she failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

(j)     she failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

29.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Dorothy Anoina, M.D. Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

30.     As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant Dorothy Anoina, M.D., and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

31.     The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

32.     The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased, by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **DOROTHY ANOINA, M.D.,** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

## COUNT X
### (Advocate Health and Hospitals Corporation d/b/a
### Advocate South Suburban Hospital and Advocate Medical Group)

1-25.   The plaintiff realleges and incorporates paragraphs 1 through 25 of Count VIII as and for paragraphs 1 through 25 of this Count X as though fully set forth herein.

FILED DATE: 7/20/2020 2:46 PM   2020L007655

26-53.   The plaintiff realleges and incorporates paragraphs 5 through 32 of Count IX as and for paragraphs 26 through 53 of this Count X as though fully set forth herein.

54.   On and after August 10, 2018, defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group., held defendants Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) and·Dorothy Anoina, M.D. out to be its employees and/or agents.

55.   At all relevant times, defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group acted in a manner that reasonably led the plaintiff to conclude that defendants Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) and Dorothy Anoina, M.D. were agents and/or employees of defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group.

56.   At all relevant times, the plaintiff justifiably relied upon the conduct of defendants to conclude that defendants Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) and Dorothy Anoina, M.D. were agents and/or employees of Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group.

57.   At all relevant times, defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with its business as a medical facility.

58.   After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, on and after August 10, 2018, defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group breached its duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

(a)   it ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

(b)   it failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

(c)   it failed to properly monitor the decedent, Mary Morris, and her child in utero and during its medical care and treatment;

30

FILED DATE: 7/20/2020 2:46 PM   2020L007655

(d)    it misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

(e)    it failed to review diagnostic tests that it knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

(f)    it failed to adequately manage and supervise the the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

(g)    it failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

(h)    it failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

(i)    it failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

(j)    it failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

59.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group, Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

60.    As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group, and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

61.    At all relevant times, defendant Advocate Health and Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group, was and is vicariously liable

31

for the actions of its agents and employees, who provided treatment to the plaintiff including, but not limited to, defendants Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) and Dorothy Anoina, M.D. and its nurses.

62.     The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

63.     The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased**,** by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE SOUTH SUBURBAN HOSPITAL AND ADVOCATE MEDICAL GROUP, an Illinois Corporation,** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

## COUNT XI

### (Women for Women Health Care, S.C.)

1-32.   The plaintiff realleges and incorporates paragraphs 1 through 32 of Count IX as and for paragraphs 1 through 32 of this Count XI as though fully set forth herein.

33.     At all relevant times, defendant Women for Women Health Care, S.C. was required to exercise reasonable and appropriate care and precaution for the decedent, Mary Morris, and her child in utero commensurate with its business as a clinic and medical facility.

34.     After assuming the responsibility for the care and treatment of the decedent, Mary Morris, and her child in utero, on and after August 10, 2018, defendant Women for Women Health Care, S.C. breached its duty and carelessly and negligently committed one or more of the following wrongful acts and omissions:

(a)     it ignored the medical status of the decedent, Mary Morris, and her child in utero, and the requirement for appropriate medical intervention;

(b)     it failed to administer and provide proper, reasonable, and appropriate medical care and treatment to the decedent, Mary Morris, and her child in utero;

(c)     it failed to properly monitor the decedent, Mary Morris, and her child in utero and during its medical care and treatment;

FILED DATE: 7/20/2020 2:46 PM   2020L007655

FILED DATE: 7/20/2020 2:46 PM  2020L007655

(d)　　it misdiagnosed and misperceived the nature and severity of the medical condition of the decedent, Mary Morris, and her child in utero, and the nature of the care and treatment that was required;

(e)　　it failed to review diagnostic tests that it knew or should have known would have provided the information required to properly treat and care for the decedent, Mary Morris, and her child in utero, consistent with their medical needs;

(f)　　it failed to adequately manage and supervise the staff assigned to provide the decedent, Mary Morris, and her child in utero, with proper care and treatment;

(g)　　it failed to make careful and thorough examinations and evaluations of the decedent, Mary Morris, and her child in utero so as to correctly monitor the existing medical condition;

(h)　　it failed to order and provide proper medications consistent with the medical needs of the decedent, Mary Morris, and her child in utero;

(i)　　it failed to reasonably institute or invoke measures which would have resulted in timely treatment to the decedent, Mary Morris, and her child in utero; and,

(j)　　it failed to render services consistent with the medical needs of the decedent, Mary Morris, and her child in utero.

35.　　As a direct and proximate result of one or more of the foregoing wrongful acts and omissions by defendant Women for Women Health Care, S.C., Mary Morris, deceased, and Baby Girl (Zion) Morris, deceased, suffered permanent and irreversible physical damage that caused their death on August 12, 2018.

36.　　As a direct, proximate and foreseeable result of one or more of the foregoing wrongful acts and omissions by defendant Women for Women Health Care, S.C., and the deaths of Mary Morris and Baby Girl (Zion) Morris, the next of kin, have been damaged and have suffered grief, sorrow and mental suffering and pecuniary losses including, but not limited to, loss of society, loss of support, companionship, guidance, services, and other losses of a pecuniary nature.

37.　　At all relevant times, defendant Women for Women Health Care, S.C., was and is vicariously liable for the actions of its agents and employees, who provided treatment to the plaintiff including, but not limited to, defendant Dorothy Anoina, M.D.

33

FILED DATE: 7/20/2020 2:46 PM   2020L007655

38.   The plaintiff, Rose Morris, is the duly authorized and appointed Special Administrator of the Estate of Mary Morris, deceased, and the Estate of Baby Girl (Zion) Morris, deceased, and this representative cause of action is brought within two (2) years of death, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180-1 et. seq.

39.   The plaintiff attaches and incorporates Affidavits pursuant to 735 ILCS 5/2-622.

**WHEREFORE, THE ESTATE OF MARY MORRIS,** deceased, and **THE ESTATE OF BABY GIRL (ZION) MORRIS,** deceased, by their duly appointed **Special Administrator, ROSE MORRIS,** request damages against the defendant, **WOMEN FOR WOMEN HEALTH CARE, S.C., an Illinois Corporation,** in an amount in excess of Fifty Thousand Dollars ($50,000) and the costs of this action.

ROSE MORRIS, as Special Administrator of the
Estate of Mary Morris, deceased, and the Estate of
Baby Girl (Zion) Morris, deceased

By: _____*Regina Picone Etherton*_____
An Attorney for Plaintiff

Regina P. Etherton & Associates, LLC 41906
190 S. LaSalle Street, Suite 2040
Chicago, Illinois 60603
312-529-5500
312-529-5501 facsimile
rpetherton@rpethertonllc.com

34

FILED
7/20/2020 2:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L007655

FILED DATE: 7/20/2020 2:46 PM   2020L007655

STATE OF ILLINOIS   )
                        ) SS
COUNTY OF COOK   )

## AFFIDAVIT

I, ROSE MORRIS, being first duly sworn, states that the total of money damages sought does exceed $50,000.00.

_____
ROSE MORRIS

Subscribed and Sworn to before me

this 13th day of July, 2020.

_____
Notary Public

OFFICIAL SEAL
TANYA MILLER
Notary Public - State of Illinois
My Commission Expires 7/13/2021

FILED DATE: 7/20/2020 2:46 PM  2020L007655

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

|  |  |
|---|---|
| ROSE MORRIS, as Special Administrator of the Estate of MARY MORRIS, deceased, and as Special Administrator of the Estate of BABY GIRL (ZION) MORRIS, deceased, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ERNEST HAYES, M.D., PIERRE JOHNSON, M.D., GOLDWYN B. FOGGIE, M.D., JAMIE HORN, M.D., KUMUDCHANDRA SHAH, M.D., DOROTHY ANOINA, M.D., CHICAGO METROPOLITAN OBSTETRICS & GYNECOLOGISTS, LTD. d/b/a CHICAGO METRO OB/GYN, LTD., CHICAGO METRO OB/GYN & PEDS, LTD., CHICAGO METRO OBGYN, and/or CHICAGO METRO OBGYN-Harvey, an Illinois Corporation, THE INGALLS MEMORIAL HOSPITAL, an Illinois Corporation, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE SOUTH SUBURBAN HOSPITAL and ADVOCATE MEDICAL GROUP, an Illinois Corporation, FAMILY CHRISTIAN HEALTH CENTER, an Illinois Corporation, and WOMEN FOR WOMEN HEALTH CARE, S.C., an Illinois Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

No. 2020L007655

FILED
7/20/2020 2:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L007655

**AFFIDAVIT**

|  |  |  |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | SS |
| COUNTY OF COOK | ) | |

I, Regina Picone Etherton, being duly sworn on oath state that:

FILED DATE: 7/20/2020 2:46 PM   2020L007655

1.    I am an attorney with the law firm of Regina P. Etherton & Associates, LLC, and duly licensed to practice law in the State of Illinois.

2.    The facts of this case have been reviewed with a consulting physician of infectious diseases whom I reasonably believe to be knowledgeable in the relevant issues involved in this action.

3.    The consultant presently practices and has practiced during the last 6 years in the same areas of health care that are at issue in this action.

4.    The consultant meets the expert witness standards set forth in paragraphs (a) through (d) of section 8-2501.

5.    The consultant has determined in written reports attached, after reviewing the medical records and other relevant materials, that there is a reasonable and meritorious cause for filing this action against Ernest Hayes, M.D., Pierre Johnson, M.D., Goldwyn B. Foggie, M.D., Jamie Horn, M.D., Kumudchandra Shah, M.D., Dorothy Anoina, M.D., Chicago Metropolitan Obstetrics & Gynecologists, Ltd. d/b/a Chicago Metro OB/GYN, LTD., Chicago Metro OB/GYN & Peds, Ltd., Chicago Metro OBGYN, and/or Chicago Metro OBGYN-Harvey, an Illinois Corporation, The Ingalls Memorial Hospital, an Illinois Corporation, Advocate Health And Hospitals Corporation d/b/a Advocate South Suburban Hospital and Advocate Medical Group, an Illinois Corporation, Family Christian Health Center, an Illinois Corporation, and Women For Women Health Care, S.C., an Illinois Corporation, and I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing this action.

_Regina Picone Etherton_

_____
Regina Picone Etherton

Subscribed and Sworn before me

this _13th_ day of _July_, 20_20_
_____
Notary Public

OFFICIAL SEAL
TANYA MILLER
Notary Public - State of Illinois
My Commission Expires 7/13/2021

FILED
7/20/2020 2:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L007655

FILED DATE: 7/20/2020 2:46 PM   2020L007655

CERTIFICATE OF MERIT – ERNEST HAYES, M.D.

1.    I am a physician licensed to practice medicine in all its branches in the State of Illinois.

2.    During the last 6 years, I have practiced and currently practice medicine and specialize in the field of Infectious Diseases.

3.    I have reviewed the medical records of Mary Morris, on and after 12/29/14.

4.    I am familiar with the care and treatment provided to Mary Morris on and after 8/2/18.

5.    It is my opinion that Ernest Hayes, M.D., deviated from the standard of medical care in the care and treatment that he provided to Mary Morris on 8/2/18, and subsequent thereto.

6.    Ernest Hayes, M.D., provided care to Mary Morris, as her attending obstetrician beginning on 1/12/18 regarding the pregnancy which ended with her death on 8/12/18.

7.    On 8/2/18, Mary Morris presented to Ingalls Memorial Hospital for complaints of back pain and pressure for 2 days. Ernest Hayes, M.D. is listed as her attending physician, with Pierre Johnson, M.D., and Goldwyn B. Foggie, M.D., listed as providing care to her in the emergency room and providing telephone orders. On 8/2/18, Mary Morris was 36 years old (date of birth: 6/12/82). She was known to have a prior medical history of kidney stones with stents placed and was an insulin-dependent diabetic. She was a $G_6P_2$ and currently at 35 week's gestation. It was determined by the nurses that she was not in labor. Her urinalysis demonstrated a cloudy, dark yellow appearance with a large leukocyte esterase, 20-30 WBCs per high powered field and bacteria. She was diagnosed with a urinary tract infection and given Macrobid.

8.    On 8/6/18, Mary Morris returned to Ingalls Memorial Hospital because she thought she had contractions. She was 35 and 4/7 weeks gestation according to Jamie Horn, M.D., who evaluated Mary Morris during this visit. She was informed that the nurses had found no contractions, and she documented that Mary Morris was on day 4 of 7 of an antibiotic she had been given for a urinary tract infection, four days before. She did not record the name of the antibiotic. She ordered a C&S of her urine. No urinalysis was ordered. The result of that C&S was available on 8/8/18. It demonstrated *Pseudomonas aeruginosa*, and listed 8 antibiotics to which the bacteria was sensitive. Macrobid was not one of the antibiotics listed because it is not tested against *Pseudomonas aeruginosa* because all strains of this bacteria are known to be resistant to it. There

1

FILED DATE: 7/20/2020 2:46 PM    2020L007655

is no indication that any physician made themselves aware of that C&S result until the medical examiner noted it after the death of Mary Morris on 8/12/18.

9.      On 8/8/18, Mary Morris was seen by Ernest Hayes, M.D. in his office. There is no indication from the record that there was any follow up on the treatment provided on 8/2/18 or 8/6/18.

10.     On 8/10/18, Mary Morris presented to Advocate South Suburban Hospital with flank pain and back pain. She was treated by Kumudchandra Shah, M.D. (also known as Kumud Shah, M.D.) and Dorothy Anoina, M.D. She was found to not be in labor. She was known to have been taking Macrobid for a urinary tract infection. A urinalysis demonstrated moderate leukocyte esterase, 6-10 WBCs and bacteria present. Mary Morris was given a single IV dose of Cleocin, and a C&S of the urine was sent. Upon discharge she was given a sheet entitled Urinary Tract Infection. That publication states that "other symptoms of a kidney infection include pain in your back or sides below the ribs" and stated she should seek medical care if "you have back pain". She was instructed to follow up with Ernest Hayes, M.D. on 8/13/18. She was given no antibiotic upon discharge.

11.     On 8/12/18, she was taken to Advocate South Suburban Hospital with a cardiopulmonary arrest. Mary Morris and her child died.

12.     The Cook County Medical Examiner performed an autopsy and concluded that the cause of death of Mary Morris was "pyelonephritis due to a urinary tract infection". The medical examiner noted in her pathological findings that Mary Morris had a recent urinary tract infection with an antemortem culture positive for *Pseudomonas aeruginosa* on August 6, 2018. She also noted that the kidney on microscopic exam revealed evidence of infection in that there were "Collections of intratubular neutrophils with surrounding interstitial inflammation of many lymphocytes and plasma cells and scattered neutrophils." She listed in her report that diabetes mellitus was deemed a significant contributory condition and noted that Mary Morris had nephrolithiasis. No toxicological cause of death was identified.

13.     Ernest Hayes, M.D. deviated from the standard of medical care in his treatment of Mary Morris and her child. On 8/2/18, he was the attending physician who allowed Mary Morris to be provided with Macrobid. Mary Morris had a history of back pain, a past foreign body in her kidney, diabetes, a late third trimester pregnancy with potential labor, and a urinalysis which was abnormal. It was necessary to rule out and treat her for potential kidney infection to conform with

2

FILED DATE: 7/20/2020 2:46 PM   2020L007655

the standard of medical care. Macrobid was the wrong antibiotic for such a patient since it does not produce adequate blood levels to treat a potential kidney infection. It is also contraindicated near term due to the risk of causing anemia in the fetus. In addition, in a patient with this clinical history, a C&S of the urine, with follow up by the attending physician and ordering physician is required to conform with the standard of medical care. In addition, Ernest Hayes, M.D. deviated from the standard of medical care when he failed to follow up on the treatment that had been provided to his patient on 8/2/18 and 8/6/18, when he saw Mary Morris in his office on 8/8/18. He also failed to follow up on the C&S result that had been ordered on 8/6/18 and was available on 8/8/18, as would be expected. He then failed to order an antibiotic that the *Pseudomonas aeruginosa* was sensitive to.

14. As a result of these deviations from the standard of medical care by Ernest Hayes, M.D., Mary Morris, and the child she was carrying, died on 8/12/18.

15. It is my opinion that this case involves a reasonable and meritorious cause of action against Ernest Hayes, M.D.

16. The opinions expressed herein may be revised, modified, and/or amended subject to review of additional information, records and/or depositions.

3

# Exhibit B

**CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Rose Morris, as Special Administrator of the Estate of Baby Girl (Zion) Morris, Deceased, v. Ernest Hayes, M.D., et al.*, No. 2020 L 7655 (Circuit Court of Cook County, Illinois), and all attachments thereto.   On the basis of the information now available, I find that at the relevant times, the Family Christian Health Center was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233.   Further, I certify that Family Christian Health Center was acting within the scope of its employment with respect to any incidents referred to in the complaint.   Accordingly, for purposes of the above case, the Family Christian Health Center is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

   s/ Thomas Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
        for the Northern District of Illinois

Date: November 10, 2020